## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MICHAEL JACKSON,**

     **Petitioner,**

     **v.**                                      **Case No. 21-3052-JWL**

**WARDEN DON HUDSON,**

     **Respondent**

---

## MEMORANDUM AND ORDER

     This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary, Leavenworth, proceeds pro se. The court has screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this matter without prejudice for lack of statutory jurisdiction.

### Background

     Petitioner was convicted in the United States District Court for the Western District of Missouri of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because of petitioner's prior convictions, the indictment also charged that the penalty-enhancement provisions of 18 U.S.C. § 924(e) applied. *United States v. Jackson*, 365 F.3d 649 (8th Cir. 2004). In 2005, petitioner's case was remanded to the Eighth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Jackson v. U.S.*, 543 U.S. 1103 (2005). On remand, the Eighth Circuit held that petitioner was not entitled to relief and reinstated the vacated judgment. *United States v. Jackson*, 163 Fed. Appx. 451, 2006 WL 250481 (8th Cir. Feb. 3, 2006). The petitioner then unsuccessfully sought relief under 28 U.S.C. § 2255, and he has been denied authorization to file a second motion under that section.

Petitioner filed two earlier petitions under Section 2241 in this court. In Case No. 20-3055, he sought resentencing under a recent Supreme Court decision. The court dismissed that matter. *Jackson v. Hudson*, 2020 WL 869409 (D. Kan. Feb. 21, 2020), *aff'd*, 822 Fed. Appx. 821 (10ᵗʰ Cir. Aug. 4, 2020), *pet. for cert. filed* Dec. 31, 2020. In Case No. 20-3292¸ petitioner challenged his classification as a career offender. The court also dismissed that matter. *Jackson v. Warden, USP-Leavenworth*, 2020 WL 7024302 (D. Kan. Nov. 30, 2020); *appeal pending*, 10ᵗʰ Cir. Case No. 21-03011.

In the present case, petitioner claims his federal sentence is unconstitutional, claiming that because he was convicted and sentenced on the same events in both state and federal cases, he is entitled to a sentence reduction under the United States Sentencing Guidelines.

## Analysis

The court first considers whether Section 2241 is the proper remedy for petitioner to challenge the validity of his sentence. "Because that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10ᵗʰ Cir. Oct. 5, 2017)(unpublished).

A federal prisoner seeking relief from an allegedly invalid conviction or sentence may file a motion under § 2255 to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Such a motion must be filed in the district where the movant was convicted. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10ᵗʰ Cir. 2010).  Generally, this remedy provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10ᵗʰ Cir. 2016), *cert. denied sub nom. Hale v. Julian,* 137 S.Ct. 641 (2017). However, under the "savings clause" of § 2255(e), a federal prisoner may file a petition under 28 U.S.C. §

2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

When a prisoner is denied relief in a motion brought under 28 U.S.C. § 2255, he cannot pursue a second motion under that section unless he can demonstrate that there is "newly discovered evidence" or "a new rule of constitutional law" as defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)). The fact that a prisoner is precluded from bringing a second or successive motion under § 2255 does not establish that the remedy under that section is inadequate or ineffective. Rather, changes in the law were anticipated by Congress and provide grounds for successive requests for collateral review only under the conditions set out in § 2255(h).

The Tenth Circuit has rejected the claim that a "current inability to assert the claims in a successive § 2255 motion – due to the one-year limitation period and the restrictions identified in § 2255(h) – demonstrates that the remedy under § 2255 is inadequate or ineffective." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished)(citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014)(unpublished)(holding that even if a petitioner is barred from bringing a second motion under § 2255(h), that would "not establish the remedy in § 2255 is inadequate.")(citing *Caravalho v. Pugh*, 177  F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d at 586).  If § 2255 could be found "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction, subsection (h) would become a nullity, a meaningless gesture." *Prost, id,: see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

The Tenth Circuit has stated that the Antiterrorism and Effective Death Penalty Act (AEDPA), which modified § 2255, "did not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013). Under the savings clause of § 2255(e), a prisoner may be able to proceed under § 2241, but § 2255 has been held to be "inadequate or ineffective" in only "extremely limited circumstances." *Id.* (citations omitted).

An applicant does not meet this standard "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016)(unpublished)(citing *Sines*, 609 F.3d at 1073).

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 process that itself is inadequate or ineffective for testing a challenge to detention." *Prost*, 636 F.3d at 589 (stating that "the fact that Mr. Prost or his counsel may not have thought of a *Santos*-type argument earlier doesn't speak to the relevant question of whether § 2255 itself provided him with an adequate and effective remedial mechanism for testing such an argument.").

"The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result – the denial of relief that should have been granted – does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. § 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle for testing* its merits within the plain meaning of the savings clause." *Id.* (emphasis in original).

This court is bound by Tenth Circuit precedent which addresses the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders

the prisoner's initial § 2255 motion 'inadequate or ineffective.'" *Haskell*, 510 F. App'x at 744. In *Prost*, the Tenth Circuit held that it cannot, stating that if "a petitioner's argument challenging the legality of detention could have been tested in an initial § 2255 motion[,] … then the petitioner may not resort to … § 2241." *Prost*, 636 F.3d at 584.

The *Prost* decision also found that § 2255 is not "inadequate or ineffective" simply because adverse precedent existed in the governing circuit at the time of the motion under § 2255. *Abernathy*, 713 F.3d at 548 (citing *Prost*, 636 F.3d at 590-93); *Sandlain, id.*, ("[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review."); *Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. June 5, 2018)(unpublished)(stating that anticipating *Mathis* and presenting it in the face of contrary circuit precedent would be an "uphill battle", but would have afforded the petitioner "the opportunity to take this path").

In *Abernathy*, the Tenth Circuit stated that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' before a petitioner can proceed under § 2241…. Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy*, 713 F.3d at n. 7 (citations omitted).

The petitioner has the burden to show that the remedy under § 2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner cannot meet the burden under governing case law. The court concludes the saving clause of § 2255(e) does not apply and therefore, the court lacks statutory jurisdiction in this matter.

THE COURT THEREFORE ORDERS that the petition is dismissed without prejudice.

IT IS SO ORDERED.

Dated: February 24, 2021                    /s/ John W. Lungstrum

                                            JOHN W. LUNGSTRUM
                                            UNITED STATES DISTRICT JUDGE